1   BRODSKY MICKLOW BULL & WEISS LLP
    Edward M. Bull III, State Bar No. 141966
2   Kurt Micklow, State Bar No. 113974
    384 Embarcadero West, Suite 200
3   Oakland, California, 94607-3704
    Telephone:   (510) 268-6180
4   Facsimile:   (510) 268-6181

5   Attorneys for Plaintiff
    EVAN J. BRADLEY
6

7                       UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9

10
    EVAN J. BRADLEY,                    )    CASE NO. 4:14-cv-02499-KAW
11                                      )
                    Plaintiff,          )
12                                      )    **SEAMAN'S FIRST AMENDED**
    vs.                                 )    **COMPLAINT FOR PERSONAL**
13                                      )    **INJURY - NEGLIGENCE**
    CROWLEY LINER SERVICE,              )    **UNDER THE JONES ACT;**
14  FIDELIO LIMITED PARTNERSHIP,        )    **BREACH OF THE**
    INC. and DOES 1-5, *in personam,* and )  **WARRANTY OF**
15  M/V RESOLVE, her engines, tackle,   )    **SEAWORTHINESS;**
    apparel, furniture, and appurtenances, *in* )  **MAINTENANCE AND CURE;**
16  *rem*;                              )    **AND UNEARNED WAGES**
                                        )
17                                      )
                    Defendants.         )
18                                      )
19  _____ )    **DEMAND FOR JURY TRIAL**

20                                           **[Pursuant to 28 U.S.C. §1916**
21                                           **Plaintiff is Entitled to File this**
                                             **Complaint Without Prepayment**
22                                           **of Court Filing Fee]**

23                                **I.**

24                     **GENERAL ALLEGATIONS**
25

26      1.      Plaintiff EVAN J. BRADLEY ("Plaintiff") brings and maintains this

27  action based upon the General Maritime Law pursuant to the United States

28  Constitution Article III, Section 2, the Jones Act, 46 U.S.C. §30104, and 28 U.S.C.

§1333.

2.     Plaintiff was at all times herein a seaman within the meaning of the Jones Act and the General Maritime Law.  As such, Plaintiff is entitled under the provisions of 28 U.S.C. §1916 to bring this Complaint without prepayment of court's filing fee or the posting of a bond.

3.     Plaintiff is an American citizen.  At all times herein mentioned, Plaintiff has resided and continues to reside in Oakland, California, within the Northern District of California.

4.     At all times herein mentioned, M/V RESOLVE ("the Vessel") was and is a United States flagged vessel afloat upon navigable waters of the United States and/or the high seas.  M/V RESOLVE is a pure car carrier with a hailing port of Wilmington, Delaware.  Plaintiff is informed and believes that M/V RESOLVE is or will be within the Northern  District of California at some time during the pendency of this action.

5.     Defendant CROWLEY LINER SERVICE is a business entity of unknown form existing under the laws of a state other than California.  Defendant CROWLEY LINER SERVICE is licensed to do business and does business within the State of California and the Northern District of California, and is subject to personal jurisdiction in the Northern District of California.

6.     At all times relevant, Defendant FIDELIO LIMITED PARTNERSHIP, INC. ("FLP")  was is a business entity of unknown form existing under the laws of a state other than California. And was the legal owner of record of M/V RESOLVE.  Plaintiff is informed and believes that at the time of his

employment aboard this Vessel, it was managed, crewed, maintained, controlled, outfitted and navigated by one or all of Defendants, CROWLEY LINER SERVICE, FLP and DOES 1-5, inclusive.

7. At all times relevant, Plaintiff was employed by Defendants to work on the Vessel and had the legal status of a "seaman" within the meaning of the Jones Act (46 U.S.C. §30104) and under the General Maritime Law.

8. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 5, and therefore, Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. In the meantime, Plaintiff is informed and believes that each of the fictitiously named Defendants is affiliated in one way or another with Defendants CROWLEY LINER SERVICE and FLP and are responsible in some manner for the occurrences herein alleged.

9. Plaintiff is informed and believes that all of the Defendants, including those sued as DOES 1 through 5, were and are the agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, and employees with the permission, ratification or consent of their co-Defendants and thus are legally liable for all of the damages resulting from the acts or omissions of the others.

10. On or about May 31, 2011, while Plaintiff was working in the course and scope of his duties as the Bosun assigned to the Vessel, Plaintiff was ordered

and required to lift an extremely heavy pilot ladder in an ergonomically unsafe work procedure which caused him to suffer a disabling spinal injury.

## II.

### <u>FIRST CLAIM FOR RELIEF</u>

**(For Jones Act Negligence Against Defendants CROWLEY LINER SERVICE and DOES 1-5, inclusive)**

11. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 10, above.

12. Defendants CROWLEY LINER SERVICE and DOES 1-5, inclusive, owed Plaintiff a duty to use reasonable care in all aspects of the employment relationship between them and, among other things, to provide Plaintiff with a reasonably safe place to work.

13. Defendants CROWLEY LINER SERVICE and DOES 1-5, inclusive, breached this duty of care in a number of ways, including, but not limited to, the following:

(a) failing to institute and enforce safe lifting limits for their seamen aboard M/V RESOLVE in light of modern ergonomic science;

(b) requiring Plaintiff to lift, pull, heave, carry, drag and haul very heavy mooring lines, pilot ladders and other gear on and over the deck and rails of M/V RESOLVE, necessitating the use of forces well in excess of safe lifting and pulling limits;

(c)     failing to perform proper job hazard analyses and to institute special procedures for the handling of the heavy pilot ladder and other items aboard the Vessel;

(d)     failing to exercise ordinary care under the circumstances to have the vessel's training, equipment and work methods in such a condition that Plaintiff would be able to perform his duties with reasonable safety;

(e)     failing to abide by safety laws, regulations, statutes and customs and practice necessary for safety at sea with regard to the manual handling of heavy loads and equipment;

(f)     failing to provide adequate crew to perform the required tasks;

(g)     failing to design a mechanical system for retrieval of pilot ladders and other heavy gear which would obviate the need for seaman such as Plaintiff to engage in ergonomically dangerous lifts; and

(h)     failing to provide Plaintiff with a safe place to work.

14.     As a result of the aforesaid negligent acts and omissions, among others, Defendants CROWLEY LINER SERVICE and DOES 1-5, inclusive, breached the duty of care they owed to Plaintiff.

15.     As a legal result of such negligence on the part of Defendants CROWLEY LINER SERVICE and DOES 1-5, inclusive, Plaintiff has sustained physical and emotional injuries.

16.     As a further legal result of the negligence of Defendants CROWLEY LINER SERVICE  and DOES 1-5, inclusive, Plaintiff has sustained and will continue to sustain economic damages, including without limitation, past and

future medical expenses and past and future loss of earnings and benefits, all of which will be established at trial according to proof.

17.     As a further legal result of the negligence of Defendants CROWLEY LINER SERVICE and DOES 1-5, inclusive, Plaintiff has incurred and will in the future incur non-economic damages, including physical and emotional pain and suffering, all of which will be established at trial according to proof.

**III.**

**<u>SECOND CLAIM FOR RELIEF</u>**

**(For Breach of the Warranty of Seaworthiness *In Personam* Against Defendants FLP and DOES 1-5, inclusive, and *In Rem* Against M/V RESOLVE)**

18.     Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 17, above.

19.     At all times herein relevant, Plaintiff was acting in the service of M/V RESOLVE performing duties of the type traditionally performed by a seaman and whose presence was necessary for the operation of the Vessel.

20.     By the provisions of the General Maritime Law of the United States, Defendants FLP and DOES 1-5, inclusive, by and through their agents, employees and servants, warranted to Plaintiff that M/V RESOLVE, and her decks, gear, passageways, equipment, appurtenances, tools, crew members, training, work methods and work environments were seaworthy and in compliance with applicable laws, statutes, standards and regulations enacted for the safety of the

crew.

21.     As alleged herein, M/V RESOLVE, her decks, lines, gear, passageways, equipment, appurtenances, tools, crew members, training, work methods and work environments were not seaworthy and were not in compliance with applicable laws, statutes, standards and regulations enacted for the safety of the crew.  Defendants FLP, DOES 1-5, and the RESOLVE inclusive, violated and breached the warranty of seaworthiness owed Plaintiff in the following respects, among others:

(a)     failing to institute and enforce safe lifting limits for their seamen aboard M/V RESOLVE in light of modern ergonomic science;

(b)     requiring Plaintiff to lift, pull, heave, carry, drag and haul a very heavy pilot ladder, lines and other equipment on and over the deck and rails of M/V RESOLVE, necessitating the use of forces well in excess of safe lifting and pulling limits;

(c)     failing to perform proper job hazard analyses and to institute special procedures for the handling of the heavy pilot ladder and other gear aboard the Vessel;

(d)     failing to exercise ordinary care under the circumstances to have the vessel's training, equipment and work methods in such a condition that Plaintiff would be able to perform his duties with reasonable safety;

(e)     failing to abide by safety laws, regulations, statutes and customs and practice necessary for safety at sea with regard to the manual handling of heavy loads and equipment;

1      (f)     failing to provide adequate crew to perform the required tasks;

2      (g)    failing to design a mechanical system for retrieval of pilot ladders

3 which would obviate the need for seaman such as Plaintiff to engage in

4

5 ergonomically dangerous lifts; and

6      (h)    failing to provide Plaintiff with a safe place to work.

7      22.    As a legal result of these breaches, Plaintiff sustained physical and

8

9 emotional injuries.

10     23.    As a further legal result of Defendants' breaches, Plaintiff has

11 sustained and will continue to sustain economic damages, including without

12 limitation, past and future medical expenses and past and future loss of earnings

13 and benefits, all of which will be established at trial according to proof.  As a

14 further legal result of Defendants' breaches, Plaintiff has incurred and will in the

15

16 future incur non-economic damages, including physical and emotional pain and

17 suffering, all of which will be established at trial according to proof.

18     24.    Plaintiff has and is asserting herein a maritime lien and an *in rem*

19 claim against M/V RESOLVE for all of the above described economic and non-

20 economic damages caused by the unseaworthiness of M/V RESOLVE.

21

22 / / /

23 / / /

24 / / /

25

26 / / /

27 / / /

28

# IV.

## THIRD CLAIM FOR RELIEF

**(For Maintenance and Cure *In Personam* Against Defendants CROWLEY LINER SERVICE, FLP and DOES 1-5, inclusive, and *In Rem* Against M/V RESOLVE)**

25.     Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 24, above.

26.     According to the General Maritime Law, when a seaman becomes ill or injured while in the service of a vessel, the employer is liable *in personam* and the Vessel itself is liable *in rem* to provide the seaman with all reasonable medical care ("cure") and pay to the seaman a reasonable rate of daily financial maintenance sufficient to cover his room and board ("maintenance") from the date of his illness or injury until he reaches "maximum cure."

27.     Plaintiff was discharged from M/V RESOLVE on or about June 10, 2011, due to his spinal injuries.  Defendants CROWLEY LINER SERVICE, FLP and DOES 1-5, inclusive, *in personam,* and the Vessel itself *in rem* are legally required to furnish Plaintiff with all maintenance and cure to which he is entitled under the General Maritime Law for and during his curative treatments relating to these injuries.

28.     Plaintiff is entitled to recover from Defendants any and all past maintenance and cure unpaid and owing at the time of trial.

29.     Plaintiff also has and is asserting herein a maritime lien and an *in rem*

claim against M/V RESOLVE for all unpaid maintenance and cure.

## V.

## FOURTH CLAIM FOR RELIEF

**(For Unearned Wages *In Personam* Against Defendants CROWLEY LINER SERVICE  and *In Rem* Against M/V RESOLVE)**

30.　　Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 29, above.

31.　　According to the General Maritime Law, when a seaman becomes ill or injured while in the service of a vessel and is discharged from the vessel for medical reasons, his employer is obligated to pay the employee's wages through the end of the voyage.

32.　　Plaintiff was hired to work aboard M/V RESOLVE beyond the date of his discharge, however, Plaintiff was only paid his wages through June 10, 2011, following his discharge for medical reasons. Therefore, Defendants CROWLEY LINER SERVICE  and DOES 1-5, inclusive, *in personam,* and the Vessel itself *in rem* are legally required to pay Plaintiff his unearned wages through July 20, 2013.

33.　　Plaintiff also has and is asserting herein a maritime lien and an *in rem* claim against M/V RESOLVE  for all unearned wages owed to him through planned date of discharge but for his injury.

/ / /

# VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.     That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, may issue against M/V RESOLVE, her engines, tackle, apparel, appurtenances, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters alleged herein; that Plaintiff have a judgment for his damages aforesaid, with interest and costs; and that, if necessary, M/V RESOLVE be arrested and sold to satisfy Plaintiff's judgment;

2.     That process in due form of law according to the practice of this Honorable Court issue against the *in personam* Defendants, citing them to appear and answer all and singular the matters aforesaid;

3.     That Plaintiff have judgment for his past and future economic damages in amounts according to proof at trial;

4.     That Plaintiff may have judgment for his past and future non-economic damages in amounts according to proof at trial;

5.     That Plaintiff be awarded prejudgment interest on the amounts of the damages awarded;

6.     That Plaintiff be awarded any maintenance and cure unpaid and owing at and through the time of trial in amounts necessary to make him whole according to proof;

7.    That Plaintiff recover his unearned wages;

8.    For costs of suit herein; and

9.    For such other and further relief as this Honorable Court deems just and proper.

DATED: January  30, 2014        Respectfully submitted,

BRODSKY MICKLOW BULL & WEISS LLP

By:   /S/ Edward M. Bull III
            Edward M. Bull III

Attorneys for Plaintiff
EVAN J. BRADLEY

## VII.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

DATED: January  30, 2014        BRODSKY MICKLOW BULL & WEISS LLP

By:   /S/ Edward M. Bull III
            Edward M. Bull III

Attorneys for Plaintiff
EVAN J. BRADLEY